**FILED**

**January 11, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:42 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| **PAMELA COMPTON,** | ) **Docket Number: 2017-02-0178** |
| **Employee,** | ) |
| | ) |
| **v.** | ) **State File Number: 25350-2017** |
| | ) |
| **MO'S INVESTMENTS, Inc., d/b/a** | ) |
| **SICILY RESTAURANT,** | ) **Judge Brian K. Addington** |
| **Uninsured Employer.** | ) |

## COMPENSATION HEARING ORDER

This matter came before the Court on January 10, 2018, for a Compensation Hearing. Ms. Compton participated in the hearing. No one from Mo's Investments appeared. The central legal issue is whether Ms. Compton provided sufficient proof to establish entitlement to temporary total disability benefits and reimbursement of medical expenses. Based on the evidence presented, the Court finds Ms. Compton did not submit sufficient evidence to establish her entitlement to those benefits.

No one undisputed that Ms. Compton suffered a cut to her arm at work sometime in late February or early March 2017. Ms. Compton sought medical treatment on her own, but she did not present any certified medical records explaining the treatment or certified medical bills for that treatment. She testified she missed ten days of work because of a staph infection she suffered due to her injury, but she presented only one excuse for a doctor's appointment she attended on February 24, 2017. Ms. Compton did not state which particular dates in February or March 2017 she missed or supply sufficient proof to calculate her base-period wages.

### Findings of Fact and Conclusions of Law

Ms. Compton bears the burden of proof on all essential elements of her claim and must establish by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9,

1

2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

Ms. Compton cut her arm at work, but she failed to prove entitlement to any medical expenses or temporary disability benefits. Ms. Compton failed to identify the specific date of her injury. *See* Tenn. Code Ann. § 50-6-102(14)(A). Further, she failed to provide a medical opinion sufficient to prove her injury required the medical treatment she received. *See* Tenn. Code Ann. § 50-6-102(14)(C) and (D). Additionally, she did not provide medical excuses to cover at least seven days that would entitle her to temporary total disability benefits or provide sufficient evidence for the court to determine her average weekly wage. *See* Tenn. Code Ann. §§ 50-6-205(a) and -102(3)(A). Thus the Court holds that Ms. Compton failed to submit sufficient evidence to establish entitlement to medical and temporary disability benefits.

IT IS, THEREFORE, ORDERED that Ms. Compton's claim for past medical and temporary disability benefits is denied on the grounds that Ms. Compton did not submit sufficient evidence to prove entitlement to those benefits. The Court taxes a filing fee of $150.00 against Mo's Investments Inc. for which execution may issue if necessary. If no appeal is taken, the order shall become final after thirty days.

ENTERED on January 11, 2018.

/s/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

2

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Expedited Hearing Order
5. Scheduling Hearing Order
6. Post ADR Dispute Certification Notice

Exhibits:
1. Affidavit of Pamela Compton
2. Medical billing statements
    a. Wellmont Health System
    b. Wal-Mart Pharmacy
    c. Doctors Assisted Wellness and Recovery, LLC
3. Documents submitted by Sicily Restaurant
    a. E-Mail correspondence from Mr. Mohamed Hashem
    b. Cleared check, number 2000
    c. Medical bill-Wellmont Medical Associates
    d. Medical Excuse Note from Doctors Assisted Wellness
    e. Receipt number 216324
    f. Payment receipt number 1007915
4. Expedited Request for Investigation Report

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this 11th day of January, 2018.

| Name | Certified Mail | First Class Mail | Email | Sent To: |
|------|----------------|------------------|-------|----------|
| Pamela Compton, Employee | X | X | X | 111 Maden Dr. Gray, TN 37615 pamcompton7@yahoo.com |
| Mohammad Hashem, Employer | X | X | X | 122 Proffitt Ln. Kingsport, TN 37663 edhashem@gmail.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4